144 N.J. Super. 483 (1976)
366 A.2d 350
IN THE MATTER OF THE REVOCATION OF GUN PERMITS ISSUED TO JOHN S. DELANEY.
JOHN S. DELANEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF TEANECK, TEANECK POLICE DEPARTMENT AND CHIEF ROBERT FITZPATRICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1976.
Decided November 16, 1976.
*484 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Richard G. Kroner argued the cause for appellant (Mr. R. Allan Karch, on the brief).
*485 Mr. C. Conrad Schneider argued the cause for respondents (Schneider, Schneider & Behr, attorneys).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Plaintiff filed a replevin action in the Bergen County District Court seeking the return of five handguns confiscated from his residence by officers of the Teaneck Police Department. Shortly thereafter the Teaneck Chief of Police brought an action in the Bergen County Court seeking revocation of "five gun permits" which he had earlier issued to plaintiff on various dates. The two actions were consolidated for trial in the County Court.
Plaintiff alleged in his replevin complaint that on the date in question he was lawfully in possession of five pistols, that they were wrongfully taken from him by defendants, and that they refused to return the same despite demand therefor. The answer alleged that "by his actions in firing said guns outside and inside his home, while drinking alcoholic beverages," plaintiff created "a situation of danger to himself, the occupants of his home, and surrounding neighbors." It was further asserted that the guns had to be held "until plaintiff can demonstrate to the Court that the public will not be endangered by the return of the guns." Additionally, the answer alleged that plaintiff "has lost his right to hold permits for said guns by actions dangerous to public safety."
The petition filed thereafter by the chief of police related the issuance of five gun permits to plaintiff and the alleged conduct of plaintiff on the night in question. It asserted that "the continuance of the permits and the retention of the guns by the said John S. Delaney is not in the best interests of the public health, safety and welfare." An order was sought "for the cancellation of the permits issued."
After a hearing the trial judge, sitting without a jury, entered judgment (1) for "no cause of action" in the replevin action; (2) requiring plaintiff to return "his firearms *486 purchaser identification card to the police department of the Township of Teaneck" and revoking the same and "any rights in permits previously issued", and (3) ordering that the guns then in the possession of the police be retained by them and sold "in accordance with law." This appeal ensued.
Plaintiff contends that (1) his firearms were unlawfully confiscated; (2) he had no pistol permit capable of being revoked; (3) the hearing was not sufficient to support the order revoking his firearms purchaser identification card in that he was not afforded sufficient notice of such intended revocation; (4) defendants did not bear their burden of proving that the permits and identification card should be revoked, and (5) the trial judge committed error in not allowing him to offer evidence of his qualification and general ability to handle the firearms.
N.J.S.A. 2A:151-16 provides, in pertinent part, as follows:
No property right exists in firearms unlawfully possessed, carried, acquired or used, and all such firearms are declared to be nuisances and forfeited to the State. When such forfeited firearms are taken from any person, they shall be surrendered to the sheriff of the county in which taken or to the head of the police department * * * and may be disposed of when they are no longer needed for evidential purposes * * *
It is not in dispute that the handguns in question were lawfully acquired by plaintiff pursuant to purchase permits issued under N.J.S.A. 2A:151-33. Furthermore, plaintiff's possession of the firearms in his own residence was lawful. N.J.S.A. 2A:151-42(a). The permit provisions of N.J.S.A. 2A:151-41(a) were not applicable. Unless, therefore, another ground existed for the forfeiture and confiscation of the guns, plaintiff was entitled to their return.
We cannot tell from the petition precisely what the chief of police was endeavoring to accomplish thereby. If the purpose was the forfeiture of the weapons under N.J.S.A. *487 2A:151-16, then the procedure should have conformed, insofar as possible, with the provisions of R. 4:70. See Sawran v. Lennon, 19 N.J. 606, 617 (1955). If it was the revocation of any weapons permits or purchaser identification card, then a forfeiture of the weapons involved would not automatically result. Nevertheless, despite the imprecise and confusing language of the petition, we shall deal with it as if both purposes were intended. We assume defendants' theory to be that the revocation of the permits and card were not only factually justified but, in addition, made plaintiff's continued possession of the firearms unlawful; and, moreover, that plaintiff used his weapons in an unlawful manner; so that, for either or both reasons, forfeiture of the weapons was justified.
But, with respect to the purchase permits, there was no proof below of anything to revoke. The procedure for obtaining such permits is contained in N.J.S.A. 2A:151-32 et seq. Section 36 provides that a permit to purchase a pistol or revolver shall be valid for a period of 90 days from the date of issuance and may be renewed for good cause for an additional 90 days. It is entirely clear that the purchase permits obtained by plaintiff for his five handguns had served their purpose. There was no showing below that they were or could have been still in force and effect. Beyond this, we find no statutory procedure for the revocation of a purchase permit. It follows that so much of the judgment under review as purports to revoke "any rights in permits previously issued" is ineffective. If it was the judge's intent to include in this provision of the judgment the revocation of any permit to carry a handgun, such purported revocation would also be ineffective, since plaintiff maintained that he never sought or obtained a permit to carry and defendants have never alleged otherwise. Of course, it is to be noted that a permit to carry a handgun can be revoked only after a hearing on notice under N.J.S.A. 2A:151-45.
*488 We perceive no valid basis in the record for the revocation of plaintiff's firearms purchaser identification card. Such a card permits the holder to purchase rifles and shotguns and is valid until the holder becomes subject to any of the disabilities which would have rendered him ineligible to obtain the card in the first place. N.J.S.A. 2A:151-32 (B); N.J.S.A. 2A:151-36. It may then be revoked by the judge of the County Court of the county in which the card was issued, but only after a hearing upon notice, and upon a finding that the holder no longer qualifies for the issuance of such permit. N.J.S.A. 2A:151-36.
The petition filed in this case never referred in any way to revocation of a firearms purchaser identification card. It merely stated that plaintiff had "five gun permits" and recited that the chief of police wished to revoke "five permits issued by me to you for the possession of five guns." Considering that the only guns which had been confiscated were handguns, plaintiff had no reason to believe that the petition would affect his identification card. We therefore hold invalid for lack of proper notice that portion of the judgment which revoked the card.
It is evident from the foregoing that the handguns were not subject to forfeiture because plaintiff "unlawfully possessed, carried [or] acquired" them. The only remaining basis for forfeiture and confiscation would have to be their allegedly unlawful use.
It appears that on the night in question, at about 1:30 A.M., Teaneck police officers were dispatched to the street on which plaintiff resided, a neighbor having reported hearing "firecrackers or gun shots." They testified below that when they went to plaintiff's house they were unable at first to get a response to their knocking. Finally, Mrs. Delaney came to the side door but refused to accede to their request to check the house. At that point, they said, a man came downstairs with a cocked automatic pistol in his hand. The officers identified themselves and forcibly took the gun away from the man. They then observed on the outside of the *489 house a number of .22-caliber shells, all but two of which were empty. After the officers were allowed to enter the house, plaintiff (the man with the gun) handed them a .22-caliber automatic pistol which he removed from under a couch and which showed signs of having been fired recently. Plaintiff, who appeared to have been drinking told them he had been in the basement earlier, practice firing the .22-caliber pistol, using telephone directories as back stops.
Plaintiff's version was that after the target practice he had had some drinks and had fallen asleep in the living room. His wife awakened him from a sound sleep, saying there were some men downstairs who wanted to see him. Because of the hour, he picked up an unloaded pistol, cocked the hammer, and went to the door.
The police witnesses also said that on the next day a.22-caliber rifle bullet was found in the neighbor's garage, but a ballistics examination was unable to indicate from which gun the bullet had come.
While we do not condone any improper use by plaintiff of his firearms, assuming there was such conduct, we conclude, nevertheless, that there was no valid basis for the forfeiture of the handguns. In Sawran v. Lennon, supra, 19 N.J. at 614, the court held that "in providing for a forfeiture of firearms by reason of their unlawful possession, carriage or use [N.J.S.A. 2A:151-16], the Legislature intended to cover only criminally unlawful acts, and not acts which were less than criminal or which carried only pecuniary penalties." No criminal charges were ever filed against plaintiff based either upon his own actions toward the police officers or upon any incident earlier in the evening. Nor did the trial judge find that any criminally unlawful act had been committed. In revoking plaintiff's "identification cards and these pistols," the trial judge found only that plaintiff "was guilty of a highly incredible act," and that his possession of the firearms "does institute [sic] a threat to the people."
*490 Since we find no support in law for either the revocation of any permit or the forfeiture of the handguns, the judgment herein is reversed and the matter is remanded with direction to enter judgment in favor of plaintiff for the return of his handguns. This is to be without prejudice to the filing of a new petition, if the chief of police wishes to do so, for the revocation of plaintiff's firearms purchaser identification card, under N.J.S.A. 2A:151-36. No costs.